**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LISA SHERMAN,

        Plaintiff,

v.

SPEEDWAY LLC,

        Defendant.

Case No.

Hon.

| DRIGGERS, SCHULTZ & HERBST<br>Mark K. Schwartz (P48058)<br>Attorney for Plaintiff<br>3331 W. Big Beaver Road, Suite 101<br>Troy, MI 48084<br>(248)649-6000<br>MSchwartz@DriggersSchultz.com | MILLER, CANFIELD, PADDOCK<br>   and STONE, P.L.C.<br>Amy M. Johnston (P51272)<br>Stephen M. Ragatzki (P81952)<br>Attorneys for Defendant Speedway LLC<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>(313) 963-6420<br>johnston@millercanfield.com<br>ragatzki@millercanfield.com |
|---|---|

**DEFENDANT SPEEDWAY LLC'S NOTICE OF REMOVAL**

Defendant Speedway LLC ("Speedway"), by and through its attorneys, Miller, Canfield, Paddock and Stone, P.L.C., gives notice of its removal of this action from the Circuit Court for the County of Kalamazoo, State of Michigan (Case No. 20-0400-NO) to the United States District Court for the Western District of Michigan, Southern Division, pursuant to 28 U.S.C. §§ 1332 and 1441. In support of its Notice of Removal, Speedway states as follows:

1. An action has been commenced against Speedway in the Circuit Court for the County of Kalamazoo, State of Michigan, entitled *Lisa Sherman v. Speedway LLC*, Case No. 20-0400-NO. Copies of the Summons and Complaint, and all pleadings filed are attached as Exhibit A.

2. Speedway was served with copies of the Summons and Complaint via certified mail through its registered agent on December 31, 2020. This Notice of Removal is due within thirty days following receipt thereof and is therefore timely under 28 U.S.C. § 1446(b)(1).

3. In her Complaint, Plaintiff alleges that she suffered a fracture of her left femur at a Speedway gas station and convenience store. Plaintiff seeks damages in an unspecified amount in excess of $25,000, the jurisdictional minimum for a civil action filed in a Michigan circuit court. Ex. A, ¶ 10.

## Grounds for Removal

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441(a), which provides, in pertinent part, that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.

5. The United States District Court for the Western District of Michigan, Southern Division, has original jurisdiction because this is an action (a) wherein the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs; and (b) between citizens of different states.

6. Plaintiff alleges in her Complaint that she is a resident of Granger, Indiana. Ex. A, ¶ 1. Furthermore, publicly available information shows that Plaintiff is a registered voter in Indiana and is a citizen of Indiana. *See* https://indianavoters.in.gov; *see also* Westlaw Records Search attached at Exhibit B. Thus, Plaintiff is a citizen of Indiana.

7. Speedway is a Delaware limited liability company with a sole member, MPC Investment LLC. MPC Investment LLC is a Delaware limited liability company with a sole member, Marathon Petroleum Corporation. Marathon Petroleum Corporation is a Delaware

corporation with its principal place of business in Ohio. *See* the State of Delaware Corporations Bureau confirmation pages for Speedway, MPC Investment LLC, and Marathon Petroleum Corporation, attached as Exhibit C. Thus, Speedway is a citizen of the states of Ohio and Delaware. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

8. There is complete diversity of citizenship between the parties because Plaintiff is a citizen of Indiana and Defendant Speedway is a citizen of Ohio and Delaware.

9. Further, the amount in controversy exceeds $75,000 as discerned from the allegations in Plaintiff's Complaint and pertinent jury verdict and settlement research.

10. Plaintiff alleges that she fractured her left femur at a Speedway gas station. She seeks damages in an unspecified amount in excess of $25,000, the jurisdictional minimum for a civil action filed in a Michigan circuit court. Ex. A, ¶ 10. A notice of removal may assert the amount in controversy if the initial pleading seeks "a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded" and the district court finds that the amount in controversy is more likely than not above $75,000. *See* 28 U.S.C. § 1446(c)(2)(A)-(B); *see also Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572–73 (6th Cir. 2001); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (noting that state court rules "might enable a plaintiff to claim in her complaint an amount lower than the federal amount in controversy but nevertheless seek and recover damages exceeding the amount prayed for") (citations omitted)). Indeed, the Michigan court rules permit recovery in excess of the amount demanded in Plaintiff's pleadings. *See* M.C.R. 2.601(A).

11. Plaintiff alleges that while walking to a portable toilet on Speedway's property, she "tripped on a raised portion (out of level) of the sidewalk, fracturing her left femur." Ex. A, ¶ 6.

She claims that she suffered injuries,[1] including "humiliation, mortification, embarrassment and all other symptoms and known sequalae of injuries of these types, together with medical, pharmaceutical and rehabilitative costs and wage loss all in the past, continuing, and into the future as well as the loss of pleasure and enjoyment of life." *Id.*, ¶ 11.  Her allegations of injuries reflect a substantial likelihood that this controversy involves claims exceeding $75,000.

12. Jury verdicts and settlements from similar alleged injuries reveal that damages may exceed $75,000.  Please refer to the following, cumulatively attached as Exhibit D: *Hendrix v. Lauretrec Ltd.*, No. 2014-142087-NO, JVR No. 2004010044 (Mich. Cir. Ct. 2019) ($75,000 settlement after plaintiff suffered right femur fracture and right rotator cuff tear following fall on sidewalk); *Bourbon v Thorp*, No. 05-0606-NI, JVR No. 451342 (Mich. Cir. Ct. 2005) ($80,000 settlement after plaintiff suffered right femur fracture following car accident due to defendant's negligence.); *Ruhl v. Seligman &; Assoc. of Mich., Inc., et al*, No. 99-3735NO, JVR No. 425196, (Mich. Cir. Ct. 2001) ($210,420 jury verdict after plaintiff suffered left femur fracture following fall on sidewalk); *Roels v. Vanhecke*, No. 92-214819-NI, JVR No. 142357 (Mich. Cir. Ct. 1994) ($270,000 jury verdict (eventually reduced to $256,500) after plaintiff suffered femur fracture following fall on roadway).

13. Based on the injuries and damages alleged in the initial pleadings and pertinent jury verdict and settlement research revealing awards in excess of $75,000 for similar injuries, the present action satisfies the necessary requirements of amount in controversy for removal to this Court.

---

[1] Her complaint calls these "duties."  Ex. A, ¶ 11.

**Procedural Requirements for Removal**

14. Speedway has satisfied or will satisfy all procedural requirements for removal under 28 U.S.C. § 1446.

    a. In accordance with 28 U.S.C. § 1446(a), this is the appropriate court for removal because the state court in which this action was commenced, the Kalamazoo County Circuit Court, is within this Court's district and division. Copies of all process, pleadings, and orders served upon Speedway in this action, including the Summons and Complaint, are attached as Exhibit A. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

    b. In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within 30 days of the receipt of the Summons and Complaint. Speedway is the only defendant in this action. *See* 28 U.S.C. § 1446(b)(2)(A).

    c. In accordance with 28 U.S.C. § 1446(d), Speedway will promptly notify Plaintiff in writing that this case has been removed to this Court pursuant to this Notice of Removal. Speedway will, on the day of filing of this Notice of Removal, submit for filing a copy of the same with the court clerk of the Kalamazoo County Circuit Court.

15. The prerequisites for removal have been met. If any questions arise as to the propriety of the removal of this action, Speedway respectfully requests the opportunity to present briefing, argument, and further evidence necessary to support its position that this case is removable.

16. In removing this action, Speedway specifically reserves all its defenses including, without limitation, all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Speedway LLC hereby petitions to remove this case from the Circuit Court for the County of Kalamazoo, State of Michigan to the United States District Court for the Western District of Michigan, Southern Division, and requests that all future proceedings be held in this Court.

                              Respectfully submitted,

                              Miller, Canfield, Paddock and Stone, P.L.C.

                              By: /s/Amy M. Johnston
                              Amy M. Johnston (P51272)
                              Stephen M. Ragatzki (P81952)
                              150 W. Jefferson Avenue, Suite 2500
                              Detroit, MI 48226
                              (313) 963-6420
                              johnston@millercanfield.com
                              *Attorneys for Defendant*

Dated:  January 20, 2021

37072382.3/135532.00098