# Exhibit A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF KALAMAZOO

**LISA SHERMAN,**

    Plaintiff,

vs.

Case No. 20- 0400 -NO
Hon. **ALEXANDER C. LIPSEY**

**SPEEDWAY, LLC**, a foreign Limited Liability, Company, operating in Michigan,

    Defendant.
_____/

DRIGGERS, SCHULTZ & HERBST
By: **MARK K. SCHWARTZ (P48058)**
Attorney for Plaintiff
3331 W. Big Beaver Road, Suite 101
Troy, MI 48084
(248) 649-6000/(248) 649-6442 fax
Email: MSchwartz@DriggersSchultz.com
_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court nor has any such action been previously filed and dismissed.

## COMPLAINT

PLAINTIFF, **LISA SHERMAN**, by and through her undersigned legal counsel, **DRIGGERS, SHULTZ & HERBST,** states for her Complaint against Defendant the following:

**JURISDICTION, VENUE AND ALLEGATIONS COMMON TO ALL COUNTS**

1. Plaintiff, **LISA SHERMAN,** at all times relevant to these causes of action, was a resident of Granger, in the state of Indiana.

2. Defendant, **SPEEDWAY, LLC,** is a Delaware Limited Liability Company, with its principal place of business in Enon, Ohio.

3.     Defendant operates, owns, manages, maintains and supervises a convenience store and gasoline station located at 350 S Grand St, Village of Schoolcraft, Kalamazoo County, Michigan, known as Store No. 7096 ("the Premises").

4.     These causes of action stem from the October 12, 2019, injuries sustained by Plaintiff while she was lawfully on Defendant's Premises, having the status of an invitee.

5.     At some period of time prior to 2:45 p.m. on October 12, 2019, the bathrooms in Defendant's gasoline and convenience station were not operating and Defendant had placed portable toilets on its property for the use of its invitees.

6.     At approximately 2:45 p.m., while walking in the foreseeable and expected pathway of travel along the convenience store sidewalk towards the portable toilets placed on the Defendant's Premises, Plaintiff tripped on a raised portion (out of level) of the sidewalk, fracturing her left femur.

7.     The Defendant is subject to the limited personal jurisdiction of this Court under MCL § 600.715, more particularly, subsections, (1), (2) and (3).

9.     Venue is proper based on MCL § 600.1627.

10.    The amount in controversy, exclusive of costs, interest or attorney fees, exceeds the minimal jurisdictional limits of the Court.

## COUNT I – PREMISES LIABILITY

11.    Defendant owed LISA SHERMAN the duty of that of a gasoline station and convenience store operator, which includes the duty to protect its invitees from the unreasonable risk of harm caused by a dangerous condition on the land, such as existed on October 12, 2019, on Defendant's Premises by reason of the unleveled sidewalk within the foreseeable pathway of travel to the temporary portable toilets set up on the Premises. These duties included:

2

humiliation, mortification, embarrassment and all other symptoms and known sequalae of injuries of these types, together with medical, pharmaceutical and rehabilitative costs and wage loss all in the past, continuing, and into the future as well as the loss of pleasure and enjoyment of life.

WHEREFORE, Plaintiff requests that this Honorable Court award compensatory damages that will fully and fairly compensate her for the injuries, losses, harms and damages incurred to date, as well as in the future, plus costs, interests, reasonable attorney fees and all other relief that is fair, just and equitable under the circumstances.

DRIGGERS, SCHULTZ & HERBST

By: _/s/ Mark K. Schwartz_

**MARK K. SCHWARTZ (P48058)**
Attorney for Plaintiff
331 W. Big Beaver Road, Suite 101
Troy, MI 48084
(248) 649-6000/(248) 649-6442 fax
Email: MSchwartz@DriggersSchultz.com

DATED: October 12, 2020

4

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>9th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | | **CASE NO.**<br>2020-0400-NO |
| Court address<br>150 E. Crosstown Parkway, Kalamazoo, MI 49001 | | **ALEXANDER C. LIPSEY** | Court telephone no.<br>269-938-8837 |

| Plaintiff's name(s), address(es), and telephone no(s).<br>Lisa Sherman | v | Defendant's name(s), address(es), and telephone no(s).<br>SPEEDWAY, LLC, a foreign Limited Liability,<br>Company, operating in Michigan |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>DRIGGERS, SCHULTZ & HERBST<br>By: MARK K. SCHWARTZ (P48058)<br>3331 W. Big Beaver Road, Suite 101<br>Troy, MI 48084<br>(248) 649-6000/(248) 649-6442 fax | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>10-13-20 | Expiration date*<br>1-12-21 | Court clerk |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (9/19)  **SUMMONS**      MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| SUMMONS | |
|---|---|
| Case No. | |

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | TOTAL FEE $ |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | | |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                          Date

My commission expires: _____   Signature: _____
                         Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                         Attachments

_____ on _____
                                     Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF KALAMAZOO

**LISA SHERMAN,**

  Plaintiff,

vs.                Case No. 2020-0400-NO
                   Hon. Alexander C. Lipsey

**SPEEDWAY, LLC**, a foreign Limited Liability,
Company, operating in Michigan,

  Defendant.

_____/
DRIGGERS, SCHULTZ & HERBST
By: **MARK K. SCHWARTZ (P48058)**
Attorney for Plaintiff
3331 W. Big Beaver Road, Suite 101
Troy, MI 48084
(248) 649-6000/(248) 649-6442 fax
MSchwartz@DriggersSchultz.com
_____/

## **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

PLAINTIFF, **LISA SHERMAN,** by and through her undersigned legal counsel, **DRIGGERS, SHULTZ & HERBST,** and pursuant to MCR 2.310, requests that Defendant produce, for the purpose of inspection and copying, the following documents listed below at the offices of counsel for Plaintiff within twenty-eight (28) days from the date these requests are served upon you. Alternatively, if served with the Complaint, your responsive documents must be served within forty-two (42) days.

This request requires Defendant to produce and permit Plaintiff to inspect and copy all Documents within the possession, custody, or control of Defendant, its agents and attorneys.

### **Notice of Requirement for Continuing & Supplemental Production**

This Request for Production shall be deemed continuing, and supplemental production

shall be required immediately upon receipt, if Defendant, Defendant's counsel or agents, directly or indirectly, obtain further or additional materials and documents from the time the responses and production is served upon Plaintiff, up to and including at the time of trial.

### Instructions, Definitions & Request for Production of Privilege Log

A. As used herein, "Document(s)" unless otherwise specified, is used in the broadest sense of the word and shall mean and include, without limiting in any manner, any and all written, printed or stored information, materials, documents or electronically stored information ("ESI"), communications (whether printed or not), e-mails (to be produced natively) including attachments, and other printed, written or graphic material of any kind or description, and any and all preliminary drafts or graphs of the foregoing. The use of the word Document, together with another form(s) of communication, in any request below shall not be construed to limit its application in any manner and the word 'document' shall retain its definition as found above.

B. As used herein, "expert," shall mean and include all individuals, partnerships, corporations, or other entities retained or consulted by you concerning some manner in which they have special knowledge or expertise.

C. If you contend that any of the documents would otherwise come within the scope of any of the requests and otherwise would have been produced in response thereto, are privileged, and, therefore, not subject to production, please state as to each said document:

 (1) The identity of the individual who prepared said document;

 (2) The identity of the individual to whom the document was addressed;

 (3) The identity of each individual to whom a copy was distributed or otherwise given;

 (4) The date(s) of each document;

 (5) A description thereof (i.e., letter, memorandum, note, photograph, etc.) and

the number of pages thereto;

(6) The identity of each privilege you contend is applicable thereto;

(7) Whether it is contended that all or only a portion of said document is privileged. If only a portion of the contents are claimed to be privileged, identify that portion of the document for which the privilege in not claimed; and,

D. As used herein, the terms, 'you,' 'Defendant' shall mean the named Defendant, its subsidiaries, related and affiliated entities, successors, predecessors, assumed names, parent entities, joint ventures, entities which you acquired assets from, individual employees, agents, legal counsel (save for documents to which a privilege, if any, is asserted pursuant to Instruction C) or its representatives or assigns.

E. The words 'possession' or 'control' shall mean in the possession or control of you, your attorneys, or any person from whom the person or party being requested might obtain the requested documents.

F. The word 'any' shall include the collective as well as the singular and shall mean 'each', 'all', and 'every' and these terms shall be interchangeable.

G. The phrases 'refer', 'relate to' or 'concern' shall be construed to include 'summarize,' 'constitute', 'contain' ,'study', 'analyze' 'consider', 'explain,' 'mention', 'show' 'discuss', 'describe', or 'comment upon.'

## Document Requests

1. Any and all documents in the possession or control of Defendant obtained from any individual person, entity, agent, employee or representative of the Defendant which relate to or concern the claims made by Plaintiff in the Complaint against Defendant.

3

**RESPONSE:**

2. Any and all tape recordings, e-mails, correspondence, documents or other written material in the possession or control of Defendant, which mention, discuss or relate to Plaintiff's incident, any investigation and any corrective action.

**RESPONSE:**

3. Any and all emails, correspondence, documents or other written material sent to or received by Defendant from, any current or former employee, agent or representative of any Defendant concerning the matters alleged in Plaintiff's Complaint against Defendant.

**RESPONSE:**

4. Any and all documents in the possession or control of Defendant which refer or relate to any claims or lawsuits filed against Defendant in the last five years.

**RESPONSE:**

5. Any and all documents in the possession or control of Defendant which in any way support the allegations set forth in Plaintiff's Complaint.

**RESPONSE:**

6. Any and all surveillance (video) footage or photographs of the area in question at Defendant's premises on the date of the incident.

**RESPONSE:**

7. Any and all documents received by Defendant or Defendant's attorney from any expert witness, including without limitation, the expert's Curriculum Vitae, retention documents and materials or documents reviewed in connection with the rendering of an expert opinion.

**RESPONSE:**

8. All documents or tangible things that Plaintiff may offer as exhibits during any trial of this matter.

**RESPONSE:**

9. All documents showing all work performed on the area in question at Defendant's premises (generally, the pedestrian walkway beginning at the propane tank exchange rack and ending at the portable toilets).

**RESPONSE:**

10. All documents showing approvals or permits for the use of portable toilets on the Defendant's premises for the time-period of the incident.

**RESPONSE:**

11. For the past ten years, all records of inspection for the exterior of Defendant's premises.

**RESPONSE:**

                          Respectfully Submitted,

                          DRIGGERS, SCHULTZ & HERBST

                          By:*/s/ Mark Kelley Schwartz*
                          MARK KELLEY SCHWARTZ (P48058)
                          Attorney for Plaintiff
                          3331 W. Big Beaver Road, Suite 101
                          Troy, MI 48084
                          (248) 649-6000/Facsimile: (248) 649-6442
                          MSchwartz@DriggersSchultz.com

DATED: December 18, 2020

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF KALAMAZOO

**LISA SHERMAN**,

    Plaintiff,

vs.                                                      Case No. 2020-0400-NO
                                                          Hon. Alexander C. Lipsey

**SPEEDWAY, LLC**, a foreign Limited Liability,
Company, operating in Michigan,

    Defendant.

_____/

DRIGGERS, SCHULTZ & HERBST
By: **MARK K. SCHWARTZ (P48058)**
Attorney for Plaintiff
3331 W. Big Beaver Road, Suite 101
Troy; MI 48084
(248) 649-6000/(248) 649-6442 fax
MSchwartz@DriggersSchultz.com
_____/

**NOTICE OF TAKING DEPOSITION OF DEFENDANT'S CORPORATE
REPRESENTATIVE(S) PURSUANT TO MCR 2.306(B)(5)**
*DUCES TECUM*

TO: All Parties

    **YOU ARE HEREBY NOTIFIED** that, pursuant to MCR 2.306(B)(5), a deposition of Defendant, **SPEEDWAY, LLC's** corporate representative(s) will be taken upon oral examination at the time and place stated below before an officer authorized by law to administer oaths. This deposition may be recorded by audiovisual means.

**PERSON(S) TO BE EXAMINED**:

    1.    Defendant's corporate representative(s) with knowledge of the incident forming the basis for the lawsuit.

    2.    Defendant's corporate representative(s) with knowledge of the investigation into the incident forming the basis for the lawsuit.

3.      Defendant's corporate representative with the knowledge of all construction, maintenance and repairs to the area of the pedestrian walkway where Plaintiff was injured (generally, the pedestrian walkway from the propane tank storage rack to the portable toilets set up on the property).

**DATE AND TIME OF DEPOSITION:**

> **February 17, 2021**
> **Beginning at 9:30 a.m. and continuing thereafter until complete**

**PLACE OF DEPOSITION:**

> **This deposition will be conducted by Zoom videoconferencing.**

You are invited to attend and examine the witness(es).

### *DUCES TECUM* REQUEST FOR PRODUCTION OF DOCUMENTS

Deponent is hereby requested to produce, pursuant to MCR 2.306(B)(4), for inspection and copying at the above deposition time and place, complete and legible copies of the following designated documents in said deponent's possession, custody or control:

1.      All Documents Defendant will rely upon in support of its testimony.

2.      All Documents reflecting communications with Plaintiff Lisa Sherman.

3.      All insurance certificates and copies of any general liability policies issued to this Defendant for the period in question.

4.      All Documents Defendant will rely upon in asserting its Affirmative Defenses, if any are asserted.

Respectfully Submitted,

DRIGGERS, SCHULTZ & HERBST

By:*/s/ Mark Kelley Schwartz*
MARK KELLEY SCHWARTZ (P48058)
Attorney for Plaintiff
3331 W. Big Beaver Road, Suite 101
Troy, MI  48084
(248) 649-6000/Facsimile:  (248) 649-6442
MSchwartz@DriggersSchultz.com

DATED: December 18, 2020

2